ARMAND FRIED, ESQ.
Nevada Bar No. 10590
8668 Spring Mountain Road, Suite 102
Las Vegas, NV 89117
Telephone (702) 835-1747
Facsimile (702) 220-7036
Armandfried@msn.com;
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GENESIS GARCIA-MAGANA,<br><br>Plaintiff,<br><br>vs.<br><br>ENHANCED RECOVERY COMPANY, LLC., a Delaware Limited Liability Company, a/k/a ENHANCED RECOVERY CORPORATION, and Does 1 through 10, and Roe Corporations 11 through 20, inclusive,<br><br>Defendants. | COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Case No.: |

## GENERAL ALLEGATIONS

1.  This is a claim for actual and statutory damages brought by the named plaintiff, GENESIS GARCIA-MAGANO (hereinafter, "Genesis" or "Plaintiff") based upon Defendant's violation of the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. 1681 et. seq., Defendant's violations of the Fair Credit Reporting Act (hereinafter referred to as the "FRCA") and Nevada Revised Statutes (hereinafter, "NRS") Chapters 589 *et. seq.* and 649 *et. seq.*, as amended, and common law torts (hereinafter, "State Acts"), all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair and/or illegal practices.

2. Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d), 15 U.S.C. §1681(p), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367. Venue in this District is proper because the Plaintiff resides in Nevada and Defendant's legally proscribed acts foreseeably had their deleterious effects in Nevada.

3. Plaintiff is a "consumer" as defined by the FDCPA at 15 U.S.C. §1692a(3) who allegedly owes a past due consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS 649.010. Genesis is also a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FRCA.

4. Defendant Enhanced Recovery Company, LLC, (hereinafter, "ERC") is a foreign corporation licensed to do business in Florida, with a principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. ERC regularly collects or attempts to collect consumer debts owed or due another or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

6. ERC is also a furnisher of information within the meaning of the FRCA, and regularly, withing the ordinary course of its business, furnishes information to one or more consumer reporting agencies about consumer transactions and experiences with said consumer.

7. The debt herein at issue was allegedly incurred by Genesis primarily for personal, family or household purposes (but in fact, it was not incurred by her at all).

8. Plaintiff is currently unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of Defendant Does 1 through 10, inclusive, and Roe Corporations 11 through 20, inclusive, and therefore sues said Defendants by such fictitious names.

9. Plaintiff is informed and believes, and alleges on that basis, that each of the Defendants designated as Does 1 through 10 and Roe Corporations 11 through 20 are in some way

ARMAND FRIED, ESQ.
8668 Spring Mountain Road, Suite 102
Las Vegas, Nevada 89117
Tel: (702) 853-1747 - Facsimile (702) 220-7036

responsible and legally liable for the events referred to herein, and proximately caused the damages alleged herein.

10. Plaintiff asks for leave to insert said Defendants' true names and legal capacities when ascertained.

11. At all times relevant hereto, and in doing or failing to do the acts and omissions alleged herein, the Defendants and each of them, including Does 1 through 10 and Roe Corporations 11 through 20, inclusive, acted individually and/or through their officers, agents, coconspirators and/or employees, all of whom were acting within the purpose and scope of their agency, employment or conspiracy, and said acts or omissions where known to, and authorized and/or ratified, by each of the other Defendants.

## FACTUAL ALLEGATIONS

12. Plaintiff repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 11 hereof.

13. In October of 2008, Genesis checked her credit report and was very surprised to find out that a person knows as Alma Velasco, residing at 5216 Sanborn Avenue #D, Lynwood, Ca., had taken out Time Warner cable service using Genesis's name and social security number.

14. Alma Velasco was known to Genesis and her family since they had been roommates at the address where the cable service had been opened in Genesis's name.

15. The account regarding said cable service was delinquent and had been referred to ECR for collection.

16. At the time that the account had been opened in 2008, Genesis was six (6) years of age, and she had moved with her family away form California to Las Vegas, Nevada in 1998.

17. When the above identity theft was discovered, Genesis attempted to notify the credit bureaus, but was told that she had to file a police report first.

18. In October of 2011, Genesis filed a police report, a true and correct copy (with only the Social Security Number redacted) of which is attached hereto and made a part hereof as Exhibit1.

19. Within a few days after obtaining a copy of the police report, Genesis and/or her mother notified ERC of the identity theft, sent them a copy of the report, and was assured that all deleterious references to the delinquent cable account would be deleted.

20. In early September, 2012, Genesis (now an adult) was preparing to purchase a house and checked her credit; she was shocked to learn that the cable debt was still being reported as outstanding to the credit bureaus by Defendant ERC..

21. Genesis and/or her mother spoke to ERC and were again assured that the debt would be deleted, but having been lied to before by ERC, they also retained Armand Fried, Esq., to send a letter confirming the deletion to ERC. A true and correct copy of the said letter is attached hereto and made a part hereof as Exhibit 2.

22. ERC never responded to Armand Fried, Esq.'s letter, thereby indicating its agreement with its contents.

23. In November 2012, Genesis purchased a home and was shocked to find out that, due to the incorrect information still on her report by virtue of ECR's continuing failure to remove the incorrect trade line, her mortgage rate was 4.997% annually as opposed to what she would have had to pay absent the trade line, to wit: 3.50% annually.

24. The difference over the life of the loan calculates to $36,910.19 (the "damages").

25. The damages are a direct result of ECR's actions or failure to act, in that notwithstanding that it was actually aware as of 2011 that the debt it was trying to collect on and reporting to the

credit bureaus was disputed and the result of identity theft, and further notwithstanding that it had promised repeatedly that it would delete the debt, ERC neither reported the debt as disputed nor deleted it from the credit bureaus.

### COUNT ONE

25. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24 above, inclusive.

26. The foregoing acts and omissions of Defendant ECR constitute violations of the FDCPA including, but not limited to, sections 1692d, 1692e and 1692f.

27. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT TWO

28. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24 above, inclusive.

29. During the entire course of its actions and failures to act, Defendant failed to comply with the FCRA, specifically but not limited to section 1681s-2(b).

30. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT THREE

31. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24 above, inclusive.

32. Defendant's actions and omissions set forth above constitute unreasonable debt collection practices in violation fo the doctrine of Invasion of Privacy. *Kuhn v. Account Control*

*technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J.J. MacIntyre Co. of Nevada*, 969 F. Supp. 609, 613-14 (D. Nev. 1997).

33. Plaintiff is entitled to recover actual damages as well as exemplary damages in an amount to be determined at trial.

## COUNT FOUR

34. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35 above, inclusive.

35. Defendant's violation of the state Acts include, without limitation, the following: NRS Chapters 598 et seq., and 649 et seq., by using any device, subterfuge, pretense or deceptive means or representations to collect any debts.

36. NRS 598 (deceptive trade practices) and NRS 649 (collection agency practices), in tandem, allow a state claim for deceptive trade practices where the collection agency engages in harassing tactics, which has been defined in NAC 649.150 as a "violation by any collection agency or collection agent of any of the provisions of 15 USC §§ 1692b to 1692j, inclusive", (that is, the FDCPA).[1]

---

[1] NRS 4160 allows for an action by victims of fraud. It states in relevant part:
    1. An action may be brought by any person who is a victim of consumer fraud.
    2. As used in this section, "consumer fraud" means:
        ****
        (d) A deceptive trade practice as defined in NRS 598.0915 to 598,0925, inclusive.
NRS 598.0923(4) defines deceptive trade practices as conducting a business by using "coercion, duress or intimidation in a transaction." Further, NRS 598.0923(4) provides that the specific deceptive trade practices defined in NRS 598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes in this state." NRS 649.375(5) pertains specifically to prohibited actions of collection agencies. It provides *inter alia* that a collection agency "shall not ... engage in any conduct that constitutes harassment as defined by the commissioner."

37. All of Defendant's acts and omissions described above were done intentionally and with malice for the purpose of coercing Plaintiff to pay a debt she did not incur and which, as Defendant had been put on notice over a period of months, was incurred by an identity thief.

38. As a result of the acts and omissions of Defendant above set forth, Defendant is liable to Plaintiff for her actual damages, statutory damages, exemplary damages, fees and costs,

### DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that a judgment be entered against Defendant for the following:

(A) General and compensatory damages; and

(B) Statutory damages pursuant to 15 USC §1692k in the amount of $1,000; and

(C) Statutory damages pursuant to 15 USC § 1681n in the amount of $1,000; and

---

(con't). The regulations are located at NAC 649.150, which states:

"The commissioner of financial institutions will consider a violation by any collection agency or collection agent of any of the provisions of 15 USC §§1692b to 1692j, inclusive, as those sections existed on July 1, 1986, to be an act or omission inconsistent with the faithful discharge of the duties or obligations of a collection agency or collection agent and grounds for suspension or revocation of the license of the collection agency or collection agent. [Banking Div., Harassment in Debt Collection Reg., eff. 1-17-79] - NAC by Administrator of Financial Institutions, eff. 6-29-84; Commissioner of Financial Institutions, 5-119-88)

Thus, a judgment finding Defendant violated any of the provisions of the FDCPA would also establish that is engaged in harassing conduct toward Plaintiff, which forms the basis for this claim for relief.

Furthermore, such acts would be a violation of 15 USC §1692f, and therefore, a violation of NRS 649.375(5). 15 USC §1692f states, in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt."

(D) Exemplary damages; and

(E) Reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of this claim; and

(F) reimbursement of all costs and expenses incurred in connection with the prosecution of this claim; and

(G) any and all other, different and further relief the Honorable Court may deem appropriate in the circumstances.

Dated: February 12, 2013

/s/ Armand Fried
ARMAND FRIED, ESQ.
Attorney for Plaintiff
8668 Spring Mountain Road, # 102
Las Vegas, NV 89117
(702) 853-1747